UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:04-cv-08406-JHN-RZx | Date | June 22, 2010 |
|---|---|---|---|
| Title | Jarek Molski v. Taco Bell Corp et al | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | | |
|---|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:** ORDER TO SHOW CAUSE RE. DISMISSAL
(In Chambers)

**I. Background**

On October 8, 2004, Plaintiff Jarek Molski filed the instant action against Defendant Taco Bell Corp. ("Taco Bell") for violations of The Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, civil rights violations under California Unruh Act ("Unruh Act"), California Civil Code section 51, *et seq.*, and California Health & Safety Code § 19955, *et seq.* Plaintiff "has a mobility impairment and uses a wheelchair[,]" and alleges that Taco Bell "was inaccessible to members of the disabled community whole use wheelchairs for mobility." (Compl. ¶¶ 9, 10.) On March 8, 2005, Judge Florence-Marie Cooper stayed this action pending the resolution of another action pending against Taco Bell: *Moeller et al v. Taco Bell Corp.*, Case No. 4:02-cv-05849-PJHx (N.D. Cal. Dec. 17, 2001). (Docket no. 11.) *Moeller* is a class action in which plaintiffs allege ADA and Unruh Act violations. On February 24, 2004, Judge Martin Jenkins certified the following class in *Moeller*, of which Molski is a member:

> All individuals with disabilities who use wheelchairs or electric scooters for mobility who, at any time on or after December 17, 2001, were denied, or are currently being denied, on the basis of disability, full and equal enjoyment the goods, services, facilities, privileges, advantages, or accommodations of California Taco Bell corporate restaurants.

(*Moeller*; docket no. 84.) The instant matter was transferred to this Court on December 16, 2009. (Docket no. 32.) Upon further review of the *Moeller* docket, this Court believes that dismissal of the ADA cause of action, rather than a stay, is the preferable method of addressing the *Moeller* action, and that supplemental jurisdiction over the remaining state law causes of action is not appropriate.

**II. Dismissal of the ADA Claim**

Plaintiff's ADA claim is his sole federal cause of action. Under the ADA, private litigants may seek injunctive relief, 42 U.S.C. § 12188(a)(1), but "[d]amages are not recoverable." *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002). "Individual lawsuits for injunctive and declaratory relief may not be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:04-cv-08406-JHN-RZx | Date | June 22, 2010 |
|---|---|---|---|
| Title | Jarek Molski v. Taco Bell Corp et al | | |

brought if there is a class action pending involving the same subject matter." *Jacobson v. Schwarzenegger*, 357 F. Supp. 2d 1198, 1209 (C.D. Cal. 2004); (citing *Crawford v. Bell*, 599 F.2d 890, 892–93 (9th Cir. 1979). Because Plaintiff Molski is apparently a member of the *Moeller* class, which is presently litigating the exact same ADA issues raised in this case, Plaintiff is ordered to show cause, in writing, why the instant ADA cause of action should not be dismissed.

### III. Supplemental Jurisdiction is not Appropriate

A court may utilize its discretion to decline to exercise supplemental jurisdiction over a state claim if "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4). Here, Plaintiff is ordered to show cause why the Court should not decline to exercise supplemental jurisdiction over his state law causes of action for the exceptional reason that his history as a vexatious litigant reveals that the ADA claim is merely a forum shopping mechanism.

*Molski's Litigation Tactics*

The Central District has determined that Plaintiff is a vexatious litigant pursuant to C.D. Cal. Local Rule 83-8.2. In *Molski v. Mandarin Touch Restaurant*, 347 F. Supp. 2d 860, 861 (C.D. Cal. 2004), *aff'd*, *Molski v. Evergreen Dynasty Corp*., 500 F.3d 1047 (9th Cir. 2007), the court reviewed the hundreds of cases filed by Plaintiff. As it relates to the ADA, "the Court believe[d] that Molski's ADA claims are a sham, used as a pretext to gain access to the federal courts, while he pursues remedies that are available—sometimes exclusively—under California state law." *Id*. at 867. In affirming, the Ninth Circuit wrote that "[t]he district court could permissibly conclude that Molski used these lawsuits and their false and exaggerated allegations as a harassing device to extract cash settlements from the targeted defendants because of their noncompliance with the ADA." *Evergreen*, 500 F.3d at 1062.

Central District Judges have thus determined that because of the vexatious litigation tactics employed by Molski—bootstrapping a federal cause of action for injunctive relief as a means of extracting money from defendants based on state law causes of action for money damages in federal court—supplemental jurisdiction of state law claims in his ADA causes of action is not warranted. In *Molski v. EOS Estate Winery*, No. CV 03-5880-GAF, 2005 WL 3952249, at *4–5 (C.D. Cal. July 14, 2005), Judge Feess determined that supplemental jurisdiction of Molski's state law causes of action was not warranted because

> his intentions are not to obtain injunctive relief, since he could do so by merely filing suit under the ADA. Nor does the ADA claim serve as the only means of seeking injunctive relief; the state claims allow for such relief, as well. Molski instead attaches the ADA claim to his state claims for damages so he can get into the federal system, which he then uses to his advantage

* * *

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:04-cv-08406-JHN-RZx | Date | June 22, 2010 |
|---|---|---|---|
| Title | Jarek Molski v. Taco Bell Corp et al | | |

> [H]is defendants are typically small business owners whose premises are some distance from the Los Angeles metropolitan area, bringing suit in federal court in downtown Los Angeles compels them to settle rather than incur the attorneys fees and costs that would be associated with a federal court trial. Discouraging forum-shopping is a legitimate goal for the federal court.

(citing *Hanna v. Plumer*, 380 U.S. 460 467–68, 85 S. Ct. 1136, 14 L. Ed. 2d 8 (1965)); *see also Molski v. Hitching Post Rest. 1*, 2:04-cv-01077-SVW-RNB, Central District Judge Stephen Wilson's Order Declining Supplemental Jurisdiction (docket no. 36 at 18–19; May 25, 2005) ("when a plaintiff systematically appends supplemental state claims to a federal claim in order to have the state claims adjudicated by a federal court, a court must weigh heavily considerations of comity before proceeding to adjudicate the state claim").

For the reasons cited above, the Court believes that supplemental jurisdiction over the state law causes of action is not warranted here, where they clearly serve as a forum shopping device.

### IV. Motion to Withdraw as Counsel

Plaintiff's counsel has filed recently a Motion to Withdraw from representation of Molski. (Docket no. 35) In his Motion, Plaintiff's counsel point to differences with Plaintiff that date back to 2007 as a basis for withdrawal. However, Plaintiff did not file the instant motion until May 20, 2010, and filed status updates with the Court as recently as February of 2010. For this reason, and given counsel's familiarity with the instant matter, the Court wishes counsel to address the instant Order to Show Cause before ruling on the Motion to Withdraw, as that Motion will be rendered moot should dismissal be warranted.

### V. Conclusion

Plaintiff is hereby ordered to show cause, in writing, why the stay should not be lifted and the matter should not be DISMISSED in its entirely and WITH PREJUDICE **by no later than July 2, 2010. Failure to respond by that date will result in this matter being DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

| | 0 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CSI | |